# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JBF INTERLUDE 2009 LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ARTISAN TECHNOLOGIES LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff JBF Interlude 2009 Ltd. ("eko"), by and through its undersigned attorneys, hereby brings this complaint against Defendant Artisan Technologies LLC ("Artisan") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. § 271, arising from Artisan's actions, including making, using, selling, and/or offering for sale products and services in violation of U.S. Patent Nos. 9,641,898 and 12,450,306.

2. Within the e-commerce industry, product web pages historically displayed a static image or, at best, a linear video stream of a product. The available video player technology limited user interactions with these videos to starting, stopping, and rewinding. That shortcoming undermined consumer engagement and, as a result, sales.

3. The asserted patents overcome these limitations by providing novel technological solutions for increasing the interactivity of video streams, which, in the context of e-commerce media, has the effect of enhancing customer engagement. Specifically, U.S. Patent No. 9,641,898 allows users to customize a video in real time by selecting other video segments of

interest without navigating away from the video—in the e-commerce media context, such video segments would, for instance, demonstrate different features and capabilities of a particular product for sale. Using the patented method, the video player seamlessly transitions to the segments of interest, effectively editing the product video on the fly and creating a choose-your-own-adventure shopping experience that prior technologies could not achieve. U.S. Patent No. 12,450,306 similarly offers a novel user interface that, in the context of e-commerce media, enhances product videos by allowing users to select product features of interest to trigger seamless transitions to video content relating to those features. Both patents overcome the technological limitations of traditional linear video presentations to achieve an interactive shopping experience more like examining a physical product in a retail store. This previously unavailable interactivity increases viewer interest in and engagement with product footage, and enhances customer knowledge of product features, allowing the customer to choose the features in which she is most interested. That translates into a higher likelihood of purchase and increased revenue and profits for retailers.

4.   Over the course of a multi-year commercial relationship between the parties, Artisan became well acquainted with eko's patented technology and its commercial benefits. When that relationship ended earlier this year, and perhaps even earlier, Artisan copied eko's technology, deploying infringing e-commerce products and production services for itself and its customers. Eko brings this lawsuit to put an end to Artisan's willful patent infringement.

## THE PARTIES

5.   Eko is an Israeli corporation with its principal place of business in Tel Aviv, Israel. With its corporate affiliates, who collectively do business as "eko," it is a pioneer in the field of

interactive media technology, specializing in the distribution of interactive multimedia videos on its proprietary platform.

6. Upon information and belief, Artisan is a limited liability company organized under the laws of Delaware and with its principal place of business at 10 White Street, New York, New York 10013.

## JURISDICTION AND VENUE

7. This is an action for infringement of U.S. Patent Nos. 9,641,898 and 12,450,306.

8. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court may exercise personal jurisdiction over Artisan because it is organized under the laws of the state of Delaware and has purposefully availed itself of the privileges of conducting business in Delaware and in this judicial district.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Artisan is organized under the laws of Delaware and therefore resides within this district.

## BACKGROUND

11. On May 2, 2017, the United States Patent and Trademark Office ("USPTO") fully and legally issued U.S. Patent No. 9,641,898 (the "'898 Patent") entitled "Methods and Systems for In-Video Library."

12. On October 21, 2025, the USPTO fully and legally issued U.S. Patent No. 12,450,306 (the "'306 Patent") entitled "Video Player Integration within Website."

13. Eko is the owner of all rights, title, and interest in and to the '898 Patent and the '306 Patent (together, the "Asserted Patents").

14. The '898 Patent discloses technology for presenting a seamless video stream based on user selections of video segments from an in-video library. Among other things, the claimed methods describe a process in which a video player is programmed to present a video stream to a user. During presentation of the video stream, the video player displays to the user at least a portion of a library of selectable prerecorded video segments, and a user selection of one or more of the prerecorded video segments from the library is received from the viewer. The video player displays a video segment watch-list that includes the selected prerecorded video segments. The video player transitions to the selected segments in the video segment watch-list as part of a single video stream.

15. The '898 Patent addresses a specific technological problem rooted in streaming video systems. Prior video players forced a user to choose between uninterrupted playback of a streaming video and interacting with or selecting related video content. Existing systems could not receive user selections, manage those selections, and modify the playback path of a video stream in real time without interrupting playback, rebuffering, or requiring the viewer to exit the stream, which resulted in decreased viewer engagement.

16. The claims of the '898 Patent recite specific and concrete technological solutions to this technological problem. Namely, the claims require a particular sequence of computer operations that enable seamless, uninterrupted video playback while dynamically incorporating user-selected prerecorded video segments into an ongoing video stream. The architecture described in the '898 Patent enables instantaneous transitions through sophisticated pre-buffering and content delivery mechanisms.

17. The claimed video player is programmed to (i) present a video stream comprising a predefined path of prerecorded video segments, (ii) concurrently display a library of selectable

prerecorded video segments during playback of that stream, (iii) receive user selections during playback, (iv) add selected segments to a video segment watch-list maintained by the video player, (v) identify decision points within the predefined playback path at which transitions can occur, and (vi) insert selected segments from the watch-list into the video stream at those decision points while continuing presentation of the stream without interruption.

18. These steps require coordinated operation of video playback logic, buffering, segment management, and real-time stream control that cannot be performed by the human mind. The claimed invention also improves the functioning of the video player itself by enabling real-time modification of a video stream's playback path while preserving the technical requirement of seamless playback. By identifying decision points in a predefined path and inserting user-selected segments at those points, the claimed methods avoid the buffering delays, playback stoppages, and context switching that characterized prior systems.

19. The '898 Patent therefore discloses and claims a concrete improvement in how video streams are generated, managed, and presented by computer systems. At the time of the invention, conventional streaming video systems—including those used for online video hosting and live broadcasts—did not permit users to interact with and select prerecorded segments for viewing while simultaneously maintaining uninterrupted playback of a current stream. The claimed invention departed from and improved upon these conventional systems by introducing a specific technical mechanism for integrating user interaction, segment selection, and stream modification into the video playback pipeline itself.

20. Furthermore, the claims of the '898 patent do not preempt all ways of organizing or presenting video content, but instead claim a particular technological solution implemented through specific computer operations, such as decision points and video segments.

21. The '898 Patent is valid and enforceable, and a copy is attached hereto as Exhibit A.

22. Artisan does not have a license to the '898 Patent, either expressly or implicitly, and does not enjoy or benefit from any rights in or to the '898 Patent.

23. The '306 Patent likewise permits increased interactivity with video. The '306 Patent discloses technology for presenting interactive videos using an interactive video player integrated within websites. Among other things, the claimed method is directed to presenting an interactive video to a user by providing an application layer including at least one first user interface (UI) element, providing a video player layer including at least one second UI element, the video player layer being integrated in the application layer and configured to present the interactive video to the user, receiving a first user interaction associated with the at least one first UI element, and dynamically modifying the interactive video and/or the at least one second UI element included in the video player layer based on the first user interaction.

24. The '306 Patent addresses a specific technological problem rooted in video streaming systems. Prior video systems did not allow the user to interact with videos on a website to personalize the video content. Existing systems could not receive user selections and present different video content specific to the user without interrupting the playback, rebuffering, or disengaging the viewer. This limitation was a technical constraint of linear video player architectures.

25. To solve this problem, the '306 Patent discloses and claims a computerized system and method in which a webpage is programmed to: (i) display an application layer with UI elements corresponding to different configurable features of a product; (ii) display a video player layer integrated in the application layer to present an interactive video; (iii) receive first user interaction indicating a selection of a first feature option; (iv) send a message from the

6

application layer to the video player layer; (v) present the first video content associated with the first user interaction; (vi) receive a second user interaction indicating a selection of a second feature option; (vii) send a message from the application layer to the video player layer; and (viii) transition from the first video content to the second video content based upon the second user interaction.

26. These steps require coordinated operation of video playback logic, buffering, segment management, and real-time stream control that cannot be performed by the human mind, and that solved the technological limitations inherent in conventional video players on webpages.  The claimed invention also improves the functioning of the video player itself by enabling real-time modification of a video stream's playback path while preserving the technical requirement of seamless playback.  By using multiple layers, the claimed method can receive interactions form the user and change playback of the video accordingly, while avoiding buffering delays, playback stoppages, and context switching that characterized prior systems.

27. The '306 Patent therefore discloses and claims a concrete improvement in how videos on webpages are generated, managed, and presented by computer systems, not merely an abstract result or desired outcome.  At the time of the invention, conventional streaming video systems did not permit users to interact with and select new content while still viewing the other content.  The claimed invention departed from and improved upon these conventional systems by introducing a specific, technical mechanism for integrating user interaction using multiple layers on a webpage, addressed to the technical challenge of two-way state synchronization between isolated browser contexts.  Accordingly, the claims of the '306 Patent are directed to a specific improvement in computer and video-streaming technology and recite an inventive concept that transforms the operation of a videos on a webpage.

28. Furthermore, the claims of the '306 Patent do not preempt all ways of organizing or presenting video content on a web page, but instead claim a particular technological solution implemented through specific computer operations, such as by employing multiple software layers to allow user interaction without interfering with video playback.

29. The '306 Patent is valid and enforceable, and a copy is attached hereto as Exhibit B.

30. Artisan does not have a license to the '306 Patent, either expressly or implicitly, and does not enjoy or benefit from any rights in or to the '306 Patent.

31. The technology disclosed and claimed in the Asserted Patents has been enormously commercially successful. The platform and services that eko built based on the technology in the Asserted Patents have made eko the partner of choice for numerous well-known companies, such as Sony, Disney, Mattel, and LG. Of particular note, eko's technology and its potential to revolutionize e-commerce attracted the attention of Walmart, the world's largest retailer, leading to a long-running partnership that included a joint venture into which Walmart invested $250 million.

## ARTISAN'S INFRINGING E-COMMERCE VIDEO PRODUCTION BUSINESS

32. Artisan advertises itself as an e-commerce media production company. From 2022 to 2025, eko contracted for Artisan to provide video production services, including for videos using the technology claimed in the Asserted Patents.

33. Prior to and during the parties' contractual relationship, Artisan marketed only traditional photography and linear videography services under the brand "Donatello Arm." However, in recent months, Artisan has begun promoting services in "interactive" e-commerce video creation.

34. On its website at donatelloarm.com, Artisan hosts several videos purporting to represent its interactive e-commerce video creation capabilities. The interactive videos demonstrated on

Artisan's website infringe claims of both Asserted Patents, as further detailed in the attached exhibits. Artisan has thus made, used, sold, and/or offered for sale infringing Donatello Arm Interactive Services to create interactive videos for customers ("Accused Products"). The Accused Products include any interactive videos created by the infringing Donatello Arm Interactive Services for Artisan's customers.

## COUNT 1: INFRINGEMENT OF THE '898 PATENT

35. Eko repeats the allegations above as fully set forth herein.

36. Eko is the owner of the '898 Patent. Eko possesses the right to enforce the '898 Patent and the right to recover for infringement thereof, including damages for any infringement.

37. Artisan has infringed and continues to infringe one or more claims of the '898 Patent, literally or under the doctrine of equivalents, by distributing, offering for sale, and/or selling the Accused Products, which practice one or more claims of the '898 Patent, including at least claim 16.

38. Claim 16 of the '898 Patent recites [brackets added]:

> [16PRE] A computer-implemented method comprising:
>
>> [16A] presenting a video stream to a user for viewing by the user, the video stream comprising a predefined path of prerecorded video segments;
>>
>> [16B] during presentation of the video stream:
>>
>>> [16C] displaying, to the user viewing the video stream, at least a portion of a library of selectable prerecorded video segments;
>>>
>>> [16D] receiving, from the user viewing the video stream, a selection relating to one or more of the prerecorded video segments from the library;
>>>
>>> [16E] adding, based on the selection, the one or more prerecorded video segments to a video segment watch-list;
>>>
>>> [16F] identifying a decision point in the predefined path, the decision point comprising a location at which the video stream can transition to one of a

> next prerecorded video segment in the predefined path and a segment in the video segment watch-list; and
>
> [16G] inserting at least one segment from the watch-list into the video stream at the decision point, wherein the at least one inserted segment comprises the one or more prerecorded video segments that were added to the watch-list based on the selection received from the user viewing the video stream; and
>
> [16H] presenting, to the user viewing the video stream, the at least one inserted segment as part of the video stream; and
>
> [16I] continuing presentation of the predefined path of prerecorded video segments after the presentation of the at least one inserted segment.

39. The Accused Products infringe at least claim 16 of the '898 Patent. As set forth in the claim chart attached hereto as Exhibit C, each recited element of claim 16 correlates with an aspect of interactive videos demonstrated on Artisan's website (which exemplify the Accused Products), demonstrating that the Accused Products practice each claim element and thereby infringe that claim.

40. On information and belief, Artisan knew of the '898 Patent prior to the filing of this complaint, including because of Artisan's long-running work for eko and exposure to eko's technology and intellectual property in connection with that relationship.

41. Artisan has committed infringing acts without authorization, consent, permission, or a license from eko.

42. Artisan has been and is now directly infringing the '898 Patent in violation of 35 U.S.C. § 271(a) at least by making, using, selling, and/or offering for sale into the United States the Accused Products, which practice one or more claims of the '898 Patent, including at least claim 16.

43. On information and belief, Artisan has been and is now indirectly infringing the '898 patent, including claim 16, in violation of 35 U.S.C. § 271(b) at least by (i) inducing its

customers to purchase the Accused Products and/or by instructing, encouraging, implementing, and/or directing others how to use the Accused Products in ways that directly infringe the '898 Patent, through its education and promotion materials and support and service activities; and/or (ii) instructing, encouraging, and/or directing others how to use the Accused Products in ways that directly infringe the '898 Patent, including claim 16, through its education and promotion materials and support and service activities.

44. On information and belief, Artisan has been and is now contributorily infringing the '898 patent, including claim 16, in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, Artisan's Accused Products constitute a material part of the inventions claimed in the '898 Patent, are specially made or adapted to infringe the '898 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit C.

45. Artisan's infringement of the '898 Patent has been and continues to be willful. Artisan has acted with knowledge of the '898 Patent and without a reasonable basis for a good faith belief that it would not be liable for infringement of the '898 Patent. Artisan has disregarded and continues to disregard its infringement and/or an objectively high likelihood that its actions constitute infringement of the '898 Patent. This objectively-defined risk was known or is so obvious that it should have been known to Artisan. Artisan's infringement of the '898 Patent has been and continues to be willful, entitling eko to enhanced damages under 35 U.S.C. § 284.

46. Artisan's acts of infringement have caused damage to eko, and eko is entitled to the damages sustained by eko as a result of Artisan's wrongful acts in an amount subject to proof at trial.

47. Artisan's acts of infringement have caused and, unless restrained and enjoined, will continue to cause irreparable injury and damage to eko for which there is no adequate remedy at law.

48. This case is exceptional, entitling eko to an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT 2: INFRINGEMENT OF THE '306 PATENT

49. Eko repeats the allegations above as fully set forth herein.

50. Eko is the owner of the '306 Patent.  Eko possesses the right to enforce the '306 Patent and the right to recover for infringement thereof, including damages for any infringement.

51. Artisan has infringed and continues to infringe one or more claims of the '306 Patent, literally or under the doctrine of equivalents, by distributing, offering for sale, and/or selling the Accused Products, which practice one or more claims of the '306 Patent, including at least claim 1.

52. Claim 1 of the '306 Patent recites [brackets added]:

[1PRE] A method for presenting an interactive video to a user, the method comprising:

[1A] providing a product webpage associated with a product;

[1B] displaying, via the product webpage, an application layer including a plurality of user interface (UI) elements, wherein each UI element corresponds to a different configurable feature of the product;

[1C] displaying, via the product webpage, a video player layer integrated in the application layer and configured to present the interactive video to the user, the interactive video representing the product;

[1D] receiving, via a first UI element of the plurality of UI elements, a first user interaction indicating a selection of a first feature option from a plurality of first feature options for a first configurable feature of the product;

[1E] sending at least one first message from the application layer to the video player layer in response to the first user interaction;

[1F] presenting, via the video player layer, first video content of the interactive video based on the at least one first message, wherein the first video content includes a user-specific product configuration having the first feature configured with the first feature option;

[1G] during presentation of the first video content, receiving, via a second UI element of the plurality of UI elements, a second user interaction indicating a selection of a second feature option from a plurality of second feature options for a second configurable feature of the product;

[1H] sending at least one second message from the application layer to the video player layer in response to the second user interaction; and

[1I] transitioning from the first video content to second video content of the interactive video based on the at least one second message, wherein the second video content includes a user-specific product configuration having the first feature configured with the first feature option and the second feature configured with the second feature option.

53. The Accused Products infringe at least claim 1 of the '306 Patent. As set forth in the claim chart attached hereto as Exhibit D, each recited element of claim 1 correlates with an aspect of interactive videos demonstrated on Artisan's website (which exemplify the Accused Products), demonstrating that the Accused Products practice each claim element and thereby infringe that claim.

54. On information and belief, Artisan has had knowledge of the '306 Patent prior to the filing of the instant complaint, including because of Artisan's long-running work for eko and exposure to eko's technology and intellectual property in connection with that relationship. The '306 Patent has been pending since January 18, 2024, and is related to U.S. Patent No. 11,934,477, which issued March 19, 2024, while the eko/Artisan contractual relationship was still in place.

55. Artisan has committed infringing acts without authorization, consent, permission, or a license from eko.

56. Artisan has been and is now directly infringing the '306 Patent in violation of 35 U.S.C. § 271(a) at least by making, using, selling, and/or offering for sale into the United States the Accused Products, which practice one or more claims of the '306 Patent, including at least claim 1.

57. On information and belief, Artisan has been and is now indirectly infringing the '306 patent, including claim 1, in violation of 35 U.S.C. § 271(b) at least by (i) inducing its customers to purchase the Accused Products and/or by instructing, encouraging, implementing, and/or directing others how to use the Accused Products in ways that directly infringe the '306 Patent, through its education and promotion materials and support and service activities; and/or (ii) instructing, encouraging, and/or directing others how to use the Accused Products in ways that directly infringe the '306 Patent, including claim 1, through its education and promotion materials and support and service activities.

58. On information and belief, Artisan has been and is now contributorily infringing the '306 Patent, including claim 1, in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, Artisan's Accused Products constitute a material part of the inventions claimed in the '306 Patent, are specially made or adapted to infringe the '306 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit D.

59. Artisan's infringement of the '306 Patent has been and continues to be willful.  Artisan has acted with knowledge of the '306 Patent and without a reasonable basis for a good faith belief that it would not be liable for infringement of the '306 Patent.  Artisan has disregarded and continues to disregard its infringement and/or an objectively high likelihood that its actions constitute infringement of the '306 Patent.  This objectively-defined risk was known or is so

obvious that it should have been known to Artisan. Artisan's infringement of the '306 Patent has been and continues to be willful, entitling eko to enhanced damages under 35 U.S.C. § 284.

60. Artisan's acts of infringement have caused damage to eko, and eko is entitled to the damages sustained by eko as a result of Artisan's wrongful acts in an amount subject to proof at trial.

61. Artisan's acts of infringement have caused and, unless restrained and enjoined, will continue to cause irreparable injury and damage to eko for which there is no adequate remedy at law.

62. This case is exceptional, entitling eko to an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, eko respectfully requests that this Court enter judgment in its favor on the claims set forth above and award it relief including, but not limited to:

a. A judgment that Artisan has infringed one or more claims of the '898 Patent and that such infringement has been willful;

b. A judgment that Artisan has infringed one or more claims of the '306 Patent and that such infringement has been willful;

c. An injunction enjoining and restraining Artisan and its officers, directors, agents, servants, employees, attorneys, and all others acting under or through them from directly or indirectly infringing the '898 Patent and the '306 Patent;

d. A judgment and an order requiring Artisan to pay all damages arising from the infringement of the '898 Patent and the '306 Patent, including treble damages for willful infringement pursuant to 35 U.S.C. § 284, with interest;

e. A determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

f. A judgment and an order directing Artisan to pay the costs and expenses of this action and attorneys' fees pursuant to 35 U.S.C. § 285 and other applicable law, with interest; and

g. Such further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, eko hereby asserts its right to demand, and does demand, a trial by jury of all issues so triable.

                          Respectfully submitted,

                          POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: /s/ David E. Moore |
|---|---|
| | David E. Moore (#3983) |
| Andrew D. Gish | Bindu A. Palapura (#5370) |
| Michael M. Powell | Andrew M. Moshos (#6685) |
| Christopher DeCoro | Chamyra L. Upshur (#7344) |
| Joel C. Lin | Hercules Plaza, 6th Floor |
| GISH PLLC | 1313 N. Market Street |
| 41 Madison Avenue | Wilmington, DE 19801 |
| New York, NY 10010 | Tel: (302) 984-6000 |
| Tel: (212) 518-2000 | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| Ryan K. Iwahashi | amoshos@potteranderson.com |
| GISH PLLC | cupshur@potteranderson.com |
| 50 California Street | |
| San Francisco, CA 94111 | *Attorneys for Plaintiff JBF Interlude 2009 Ltd.* |
| Tel: (415) 630-2000 | |

Dated: December 23, 2025
12621437 / 25740.00001